UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CHRISTOPHER L. YOUNG, )
)
Plaintiff, ) Civil No. 0:18-114-HRW
)
v. )
)
TIMOTHY DOUBBLESTEIN, ) **MEMORANDUM OPINION**
ET AL., ) **AND ORDER**
)
Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Christopher L. Young is an inmate at the Eastern Kentucky Correctional Complex (EKCC) in West Liberty, Kentucky. Proceeding without a lawyer, Young filed a civil rights complaint with this Court in which he named three defendants—Warden James Green, Deputy Warden James Whitt, and Chaplain Timothy Doubblestein, all employees of the EKCC—and claimed those defendants violated his right to participate in Wiccan services and obtain Wiccan religious material.

The case progressed, and the parties eventually filed numerous cross motions for summary judgment. However, while briefing those motions, Young recently filed submissions suggesting that he no longer wants to litigate his initial claims related to his ability to practice Wicca and, instead, wants to pursue new claims related to Asatru/Odinist services and accommodations. In light of Young's recent

1

submissions, the Court will dismiss his complaint without prejudice and allow Young to litigate any new claims in a separate civil action.

Young started this civil action by filing a lengthy, handwritten submission titled "Petition for Declaration of Rights" [D. E. No. 1], as well as a motion for leave to proceed *in forma pauperis* [D. E. No. 2]. While the Court granted Young's fee motion, it pointed out that his first submission was not on a form approved for use by this Court, as required by Local Rule 5.2(a). [D. E. No. 9]. Therefore, the Court entered a deficiency order and directed Young to complete and file a Court-approved complaint form within 30 days. [*Id.*]. The Court explained that Young had to complete the entire complaint form, fully describing the facts of his case, because that completed form would replace his first submission for all purposes. [*Id.* at 3].

Young completed and filed the complaint form and, thus, he properly initiated his civil action. [D. E. No. 10]. Young named three defendants in his complaint: Warden Green, Deputy Warden Whitt, and Chaplain Doubblestein, all EKCC employees. [*Id.* at 1-2]. Young then alleged that those defendants violated his right to participate in Wiccan services and obtain Wiccan religious material. [*Id.* at 2-4]. Indeed, Young set forth eleven factual allegations, all of which related to his ability to practice Wicca, particularly as part of a group, and file grievances regarding the matter on behalf of himself and others. [*Id.* at 2-6]. Young indicated that, among

other things, he was seeking injunctive relief and money damages for "discrimination and emotional distress." [*Id.* at 9].

The Court conducted an initial screening of Young's complaint and determined that the defendants had to answer or otherwise respond to Young's claims. Therefore, the Court directed the Clerk's Office and the United States Marshals Service to serve each of the defendants with a summons and copy of the complaint on Young's behalf. [D. E. No. 12].

Before the defendants responded to the complaint, Young filed a "motion to produce further arguments and evidence," along with various attachments. [D. E. No. 15]. Young's submission was difficult to follow, but it appeared that he was attempting to amend his complaint. The Court, however, explained that a party moving to amend a complaint must generally attach a copy of the proposed amended complaint to his motion, and that proposed amended complaint should be cumulative, including all allegations, claims, and defendants in a single document. [D. E. No. 16]. Since Young did not comply with those requirements, the Court denied his motion without prejudice to his right to file a proper motion to amend. [*Id.*]. Thus, Young's completed, Court-approved complaint form remained the sole operative pleading in this case, and the Court noted that the next step in the litigation was for the defendants to answer or otherwise respond to Young's claims. [*Id.*].

Chaplain Doubblestein then filed an answer to Young's complaint [D. E. No. 21], but the other two defendants, Warden Green and Deputy Warden Whitt, each filed a motion for summary judgment [D. E. Nos. 17, 20].[1] Therefore, the Court directed Young to file a response to those dispositive motions. [D. E. No. 22].

Instead of simply filing a response to the defendants' motions, Young filed three of his own motions for summary judgment [D. E. Nos. 23, 24, 25], as well as a separate "motion for final judgment" [D. E. No. 26]. The three defendants then filed a response to Young's motions [D. E. No. 27], and Chaplain Doubblestein went ahead and filed his own motion for summary judgment [D. E. No. 28].

At that point, the case was becoming procedurally complex because there were seven cross motions for summary judgment pending before the Court. While the Court was interested in resolving those motions, it also wanted to make sure that the parties had a sufficient opportunity to fully present their arguments to the Court. Therefore, the Court ordered each party to file one final submission, and it specifically directed Young to address an important issue. [D. E. No. 29].

The Court pointed out that, according to Chaplain Doubblestein, Wiccan services were now being offered at the EKCC, and, in any event, Young was no

---

[1] Around this same time, Young filed a "memorandum of law and additional arguments." [D. E. No. 7]. However, once again, Young did not properly seek leave to amend his complaint. Thus, Young's completed, Court-approved complaint form remained the sole operative pleading in the case.

4

longer claiming Wicca as his religious preference. [D. E. No. 28-1 at 3]. In light of Chaplain Doubblestein's representations, the Court directed Young to state whether he wished to continue to pursue his case at all and, if so, indicate which of his claims remained viable. The Court explained that if Young failed to file such a submission, it may consider his claims abandoned and dismiss his case. [D. E. No. 29 at 2-3].

In response to the Court's Order, Young filed several new submissions. [D. E. Nos. 30, 31, 33]. These submissions are neither a model of clarity nor do they appropriately respond to the Court's Order. However, as best as the Court can tell, Young is essentially abandoning his initial claims related to his ability to practice Wicca and, instead, suggests he wants to pursue new claims related to his new religious preference.

Young's first new submission, titled "Petition for Civil Agreement," appears to make this very point. [D. E. No. 30]. To be sure, Young begins that filing by generically defending his complaint and asking the Court to declare that the defendants' past conduct violated his rights. [*Id.* at ¶¶ 1-2]. However, Young does not mention Wiccan services or Wiccan religious material and, instead, he goes on to request various forms of relief related to his ability to practice Asatru/Odinist. In fact, Young asks the Court for new forms of injunctive relief, including an order directing the defendants to allow Young and others to participate in unsupervised Asatru/Odinist services, worship in an outside area with two fire pits, and possess

5

specific Asatru/Odinist religious items. [*Id.* at ¶¶ 3-4]. Young also requests money damages in an amount that is hundreds of thousands of dollars higher than what he originally asked for in his complaint. [*Id.* at ¶ 5].

Young then followed up by filing a "motion for dismissal." [D. E. No. 33]. Young begins that submission by saying that he "has already stated . . . that he is willing to come to terms with resolving this issue as soon as possible." [*Id.* at 1]. Young then claims, "The only issue that is at issue is: the universalist Asatru/Odinist service, congregational religious items, religious diet, personal religious items, and the fire pit." [*Id.*]. Young then proceeds to list several Asatru/Odinist religious items, and he eventually concludes by asking "that the Court grant the motion for civil agreement and dismiss this action." [*Id.* at 2-3].

In the end, as best as the Court can tell, Young's latest submissions indicate that he no longer wants to litigate his initial claims related to his ability to practice Wicca and, instead, wants to pursue new claims related to Asatru/Odinist services and accommodations. Therefore, the Court will dismiss Young's complaint [D. E. No. 10] without prejudice, consistent with Rule 41(a)(2) of the Federal Rules of Civil Procedure, and it will deny the various pending motions in this case as moot.

Finally, the Court recognizes that Young filed a "Petition for Civil Agreement," which includes his various requests related to his ability to practice Asatru/Odinist, and he has followed up on that submission. [D. E. Nos. 30, 33].

Young is certainly welcome to communicate his latest requests to prison officials, whether that be informally or through the more formal prison grievance process. Perhaps the defendants and their counsel can assist Young in navigating that process. That said, at bottom, if Young would like to eventually litigate his new claims related to Asatru/Odinist services and accommodations, he is directed to file a new civil action on a Court-approved complaint form.

Accordingly, it is **ORDERED** as follows:

1. Young's complaint [D. E. No. 10] is **DISMISSED** without prejudice.

2. The various pending motions [D. E. Nos. 17, 20, 23, 24, 25, 26, 28, 30, 33] are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter an appropriate Judgment.

5. Ultimately, if Young would like to eventually litigate his new claims, he is directed to file a new civil action on a Court-approved complaint form.

This 21 day of June, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge